Et per Curtain
 

 -Haywood, Justice in the court.
 

 -The first thing tobe observed upon is the execution upon Garaer’s judgment Murray’s goods and. effects were all bound by that frota the time of its-teste,, and he could not after that teste sell or dispose thereofso as to defeat the execution., No sale made, pending the execution unsatisfied, will be good to vets the property
 
 la
 
 the vendee unless eventually the execution shall become satisfied by some other means. As to what has been said respecting the want- of possession, if it be neceosary.in the present-case to resort to .that circumstance
 
 ¡
 
 the want of possession is-a strong badge-of fraud s- The property7, is placed -ia the creditor,..the pes-session continues in the debtor, and by.that means-other creditors perceiving no visible diminution of the debtor’s effects, rest satisfied, and take no measure to secure their debts- until perhaps the whole estate of the debtor is exhausted,, whereas should the creditor.immediately take possession,other creditors-would thereby have notice that the debtor’s' estate was wearing.away and apply for the discharge of their demands in time.. It has this further ill effect, that the debtor still continuing-in possession , and being reputed owner, obtains credit upon a.belief that he. is the owner, and so by fault .of the vendee possesses the means of contracting debts-without.the meansof pay big.them. But in general,, this want of possession is only, evidence, of .fraud, which may he explained.and repelled by contrary evidence ; it is not absolute-, iy conclusive, but is only a strong sign of fraud, which by circumstances equally strong, tending the other way, may be overturned. In the presentíase, she bill of. sale- to Donalsosi, purports-upon the face of it to be absolute, and to vest.the whole property im - mediately in the vendee ; whereas in truth it zs-but a security for moneys. This also is a-mark, of fraud, for it is calculated to raí:;-lead-and deceive creditors, and to make them believe that no part of the negro or his value is .subject to their demand, .when in fact it is otherwise: indeed the cac.e cited at the bat-determines that an absolute bill of sale not accompanied with possession b fraudulent and void though a.bill of sale with a-condition permitting the possession to remain with the vender is-not, because there such possession is* consistent with the deed which upon the face of it discovers the truth to creditors, and cannot be said to intend a. concealment of circumstances in order to deceive them. This doctrine is supported by. a great number of decisions, and is built upon good reason, where creditors are concerned, the transactions of the debtor in relation to the disposition oF his property should exhibit their real situation and circumstance»
 
 *60
 
 to the wotld that everyone who is interested in them
 
 may know
 
 with car unity what has been done, and how to act; if they do not, but on the contrary, are s<> constructed as to conceal circumstances which should he known, and to given different appearance and coloring to the business than it really ought to bear, the presumption of fraud attaches to them in proportion to such concealment. With respect to the purchase made by Ingles from Murray, it has been urged, that is, between Murray and Do-nalson, the property passed out of Munay; though supposing the conveyance fraudtilenC, it did not as to creditors ; and that therefore a sale from Murray afterwards to Ingles could carry no property, however a sale by the sheriff might have done it.— I was at first very forcibly struck with the remark, but the cases cited from Bullers N. P. and from
 
 5.
 
 Re. 60, have removed my doubts; these state that a contract which is fraudulent as to creditors, it is fraudulent also as to purchasers; and that the purchaser has notice without registration, his purchase is good ; for if he has notice he knows the contract to be a fraudulent one and void.
 

 The jury .could not agree, and a juror was withdrawn by consent.