Upon this case two issues were submitted to the jury: (1) Whether the deed was intended to be an absolute one or a mortgage. (2) (260) Whether the intent was to defraud Darden's creditors.
It appeared in evidence that the land was worth $5 per acre; that it was listed for 300 acres, but the witness who had lived upon it and was acquainted with the boundaries believed there was not more than 175 acres. *Page 201 
The consideration of the deed was £ 500, and it appeared that about the date of it the grantor was much embarrassed in his circumstances; and that shortly afterwards all his property was taken in execution and advertised for sale, which was forbidden by the grantee, who produced the deed; all the other property was then sold, except the land, but was insufficient for the payment of the debts. The grantor remained in possession of the land during his lifetime, from 1793 to 1798.
The verdict of the jury was that the land was mortgaged, and that the deed was not intended to defraud creditors. On a motion for a new trial the case was submitted to this Court.
Every part of the evidence upon which the jury founded their verdict tends strongly to establish that the transaction between Darden and the defendant's intestate was fraudulent. The embarrassed condition of the former when the deed was made, his remaining in possession of the land continually till his death, the secrecy of the transaction, of which there is no proof that it was made public till the exigency of Darden's affairs required Skinner to come forward and save the land from being sold, and the inadequacy of the consideration, if indeed there was any paid, the only proof being that a bond of £ 174 was found amongst Skinner's papers, whereas the lowest value of the land was upwards of £ 800, are all circumstances which would probably exist in a scheme to defraud Darden's creditors, but are not easily reconcilable with a fair sale to Skinner, or even with a bona fide mortgage to secure the payment of a just debt.
The Court have no hesitation in awarding a new trial of the (261) issues.
NOTE. — See Hodges v. Blount, 2 N.C. 414, and the cases there referred to in the note, and Ingles v. Donaldson, 3 N.C. 57, and the cases there referred to in the note on the question of fraud.
Cited: McLeod v. Bullard, 84 N.C. 527.