I do not think it necessary to decide the question raised in this cause, whether the possession of a chattel remaining in the mortgagor *Page 435 
after the execution of the mortgage constitutes, per se in point of law, a fraud, as I am of opinion that we are not to look upon this transaction as a mortgage. Between the parties to it, I suppose it would be such; but as to third persons, it clearly is not. The deed is absoluteupon the face. In that shape it is spread on record; the public see it so, and know, and can know nothing to the contrary, because the bond or defeasance, as it is called, is not an instrument which the law directs or authorizes to be registered. It is concealed until the party is compelled to produce it, by a seizure of the goods by a creditor. It then comes to light, and contradicts what the deed has before said. Surely, such a contrivance for entrapping innocent people cannot be supported under the notion that it forms a mortgage. In these two papers different languages are spoken. Both cannot be right: one of them must be false; and take which you will, it equally is a fraud. This defeasance, to my mind, instead of making the vendor's possession consistent with his deed, and thereby fair, evinces his guilt, by making it more difficult to detect the fraud. It is a cover to a foul transaction, and not the evidence of a fair one. Even if the parties clearly intended a mortgage, they have so framed it that to the world it tells a falsehood, and the truth only to themselves. It is too late to disclose the truth after the (605) injury arising from the secrecy has been sustained.
But it is said that the defendant had notice of these deeds. That makes no difference. The law makes the deed void; and what is void may be taken advantage of by all of Bryant's creditors.
Taking the deed to be absolute, upon the authorities cited by my brother DANIEL, and Hamilton v. Russell, 1 Cranch, it is fraudulent in law, and ought so to have been pronounced by the court.
Wherefore, there must be a nonsuit.
The rest of the Court concurred.
NOTE. — Upon the first point, see Hodges v. Blount, 2 N.C. 414, and the cases there referred to in the note, and in the cases referred to in the note to Ingles v. Donaldson, 3 N.C. 57, which show that the possession not accompanying the title is only evidence of fraud, and fraudper se.
Upon the second point, see Gregory v. Perkins, 15 N.C. 50; Halcombe v.Ray, 23 N.C. 340; Newsome v. Roles, ibid., 179.
Overruled: Trotter v. Howard, 8 N.C. 323, 324. *Page 436